# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

U.S.A. vs. Lori Mulinex Daniels        Docket No. 7:06-CR-118-1

### Petition for Action on Probation

  COMES NOW Djoni B. Barrett, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Lori Mulinex Daniels, who, upon an earlier plea of guilty to Theft of Government Funds, in violation of 18 U.S.C. §641, was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on July 5, 2007, to a 60 month term of probation under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

3. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

4. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 120 consecutive days. The defendant shall be restricted to her residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

5. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

Lori Mulinex Daniels
Docket No. 7:06-CR-118-1
Petition For Action
Page 2

6. The defendant shall submit a written weekly report to the probation office, if not regularly employed, of attempts to secure gainful employment.

7. While under supervision in the Eastern District of NC, the defendant shall participate in the DROPS Program and, in response to detected illegal drug use, shall be confined in the custody of the Bureau of Prisons for a period not to exceed 30 days of intermittent confinement, as arranged by the probation office, in the following increments: First Use - Two Days; Second Use - Five Days; Third Use - Ten Days.

8. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

9. The defendant shall pay a special assessment of $100 and restitution of $19,209.00.

On May 5, 2010, the court approved a Petition for Action on Probation modifying the defendant's supervision to strike the costs of electronic monitoring.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On December 9, 2008, the defendant's supervision was transferred to the District of Massachusetts. On September 9, 2010, Michael Forman, U.S. Probation Officer for the District of Massachusetts, reported that the defendant had contact with the Salem, New Hampshire, Police Department on May 8, 2010, when she was observed walking on the side of the street at 1:30 a.m. According to information provided by Captain Lozowski, Salem Police Department, the defendant appeared to be intoxicated and she was staggering in the middle of the road. The defendant admitted to Officer Lozowski that she had consumed alcohol at Sadie's Bar earlier in the night. Officer Lozowski offered to drive the defendant home for her safety, but the defendant stated a friend was on his way to pick her up. While Captain Lozowski was talking to the defendant, her friend, Joseph Pauta, arrived to drive her home. The defendant entered and then exited Pauta's vehicle and informed Officer Lozowski that Pauta was intoxicated. Officer Lozowski attempted to speak with Pauta at which time he fled in his vehicle, striking two police officers with his vehicle. Pauta was later arrested following a high speed chase. Captain Lozowski informed USPO Forman that while the defendant was observed to be intoxicated, she was cooperative with the police during the incident and may be used as a witness against Pauta. The defendant was not charged with any criminal behavior for this incident.

Lori Mulinex Daniels
Docket No. 7:06-CR-118-1
Petition For Action
Page 3

 

The defendant failed to report contact with law enforcement to the probation officer as required. The defendant failed to note this information on her monthly supervision report as required. USPO Forman learned of the incident on August 9, 2010. On August 13, 2010, the defendant was questioned regarding law enforcement contact and she initially lied and denied that she had any contact.

On July 10, 2010, the defendant abandoned her employment following a dispute with her employer. The defendant failed to report this change in employment as required.

The probation officer is recommending supervision continue with imposition of 90 days of electronic monitoring to address the violations of supervision. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that probation be modified as follows:

The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to her residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Kevin L. Connolley<br>Kevin L. Connolley<br>Supervising U.S. Probation Officer | /s/ Djoni B. Barrett<br>Djoni B. Barrett<br>U.S. Probation Officer<br>472-C Western Blvd.<br>Jacksonville, NC 28546-6862<br>Phone: (910) 347-9038<br>Executed On: September 22, 2010 |

Lori Mulinex Daniels
Docket No. 7:06-CR-118-1
Petition For Action
Page 4

## ORDER OF COURT

Considered and ordered this 24th day of September, 2010, and ordered filed and made a part of the records in the above case.

*James C. Fox*
James C. Fox
Senior U.S. District Judge